The Honorable Christopher M. Alston
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>MARK CONRAD WOLF,<br><br>Debtor. | Case No. 21-11757-CMA<br><br>OBJECTION TO EXEMPTIONS |

I. **INTRODUCTION**

Edmund J. Wood, Chapter 7 trustee ("Trustee") for Mark Conrad Wolf ("Debtor"), hereby objects to the Debtor's claims of exemption in the property described below, for the following reasons.

II. **PROPERTY CLAIMED EXEMPT**

The Debtor has claimed the following property as exempt according to his Schedule C filed September 20, 2021 [Dkt. # 1, at 17-18]:

| Asset Claimed Exempt | Scheduled Value | Amount Claimed Exempt |
|---|---|---|
| Real property at 4032 138th Avenue SE, Bellevue, WA 98006 | $800,000 | $729,600 |
| 1999 Jaguar | $1,000 | $1,000 |
| Household goods and furniture | $500 | $500 |

OBJECTION TO EXEMPTIONS - 1

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

| Asset Claimed Exempt | Scheduled Value | Amount Claimed Exempt |
|---|---|---|
| Sports and hobby equipment | $100 | $100 |
| Clothing | $100 | $100 |
| Cash on hand | $10 | $10 |
| Checking account (Bank of America) | $378 | 100% |
| Town Center Self Storage, LLC[1] | $140,000 | $2,890 |

III. REASONS FOR GENERAL OBJECTIONS TO EXEMPTIONS

The Trustee is objecting in general to the Debtor's claimed exemptions in order to preserve his rights to object when more information is known to the Trustee about the Debtor's assets which are claimed to be exempt. Specifically, these objections are as follows:

1. To the extent that the Debtor is attempting to claim an exemption in excess of the value permitted either by federal or state law, the Trustee objects to the assertion of such an exemption.

2. To the extent that the Debtor has claimed an "unknown" value for any item, the Trustee objects to the assertion of an exemption.

3. To the extent that the Debtor is attempting to claim an exemption for property for which no exemption is permitted under federal or state law, the Trustee objects to the assertion of such an exemption.

4. To the extent that the Debtor does not describe an asset or other item of property for which an exemption is claimed with particularity, the Trustee objects to the assertion of such an exemption.

5. To the extent that the actual value of an asset exceeds the valuation of the asset by the Debtor, the Trustee objects to the claim of any exemption of any proceeds realized

---

[1] Debtor is one of eight members.

OBJECTION TO EXEMPTIONS - 2

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 21-11757-CMA    Doc 23    Filed 11/16/21    Ent. 11/16/21 08:51:26    Pg. 2 of 5

by the estate in excess of the amount claimed and allowable under to applicable exemption statute.

6. To the extent that the Debtor is claiming an exemption in a quantity of items which exceed the limit allowed under applicable law, the Trustee objects to the claim of exemption in an item over said limit.

7. To the extent that the Debtor claims double the amount of any exemption for which only one exemption is permitted under applicable statute, the Trustee objects to the claim of exemption over the amount allowed for one such exemption.

8. To the extent the Debtor failed to disclose any assets or concealed any property, the Trustee objects to any claims of exemption by debtor in such assets or property.

9. To the extent the Debtor claims a homestead exemption in any property in which there is no equity, the Trustee objects to the claim of exemption in the property to which it may attach.

IV. SPECIFIC OBJECTIONS

The Trustee is objecting to the Debtor's claimed exemptions in certain personal and real property identified below. Specifically, these objections are as follows:

10. The Debtor claims exempt 100% of his interest in the Bank of America checking account under 42 U.S.C. § 407, in the amount of $378 [Dkt. # 1, at 18]. Title 42 of the United States Code controls Federal old-age, survivors, and disability insurance benefits. Section 407 provides that

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). The Debtor's Schedule I shows that he receives $1,208 per month in Social Security income [Dkt. # 1, at 31]. To the extent the funds in the Debtor's Bank of America checking account on the Petition Date did not come from Federal old-age benefits, survivor's

OBJECTION TO EXEMPTIONS - 3

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 21-11757-CMA    Doc 23    Filed 11/16/21    Ent. 11/16/21 08:51:26    Pg. 3 of 5

benefits, or disability insurance benefits, the Trustee objects to the claim of exemption under 42 U.S.C. § 407.

11. The Debtor scheduled the value of his interest in Town Center Self Storage, LLC as $140,000 [Dkt. # 1, at 14], and claimed $2,890 of his interest as exempt under RCW 6.15.010(1)(d)(ii) [Dkt. # 1, at 18]. RCW 6.15.010(1)(d)(ii) provides that

> (1) Except as provided in RCW 6.15.050, the following personal property is exempt from execution, attachment, and garnishment:
>
> …
>
> (d) To each individual or, as to community property of spouses maintaining a single household as against a creditor of the community, to the community:
>
> (ii) Other personal property, except personal earnings as provided under RCW 6.15.050(1), not to exceed three thousand dollars in value, of which not more than one thousand five hundred dollars in value may consist of cash, and of which not more than:
>
> (A) For all debts except private student loan debt and consumer debt, five hundred dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities. The maximum exemption under this subsection (1)(d)(ii)(A) shall be automatically protected and may not exceed five hundred dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities.
>
> (B) For all private student loan debt, two thousand five hundred dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities. $1,000 in value shall be automatically protected. The maximum exemption under this subsection (1)(d)(ii)(B) may not exceed two thousand five hundred dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities.
>
> (C) For all consumer debt, two thousand dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities. $1,000 in value shall be automatically protected. The maximum exemption under this subsection (1)(d)(ii)(C) may not exceed two thousand dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities;

To the extent the Debtor's interest in Town Center Self Storage, LLC is not cash, bank accounts, savings and loan accounts, stocks, bonds, or other securities, the Trustee objects to the claimed exemption. To the extent the Debtor's interest in Town Center Self Storage, LLC may be determined to be cash, bank accounts, savings and loan accounts, stocks, bonds, or other

OBJECTION TO EXEMPTIONS - 4

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 21-11757-CMA    Doc 23    Filed 11/16/21    Ent. 11/16/21 08:51:26    Pg. 4 of 5

securities, the Trustee objects to the amount claimed exempt in excess of the allowed amounts under RCW 6.15.050(d)(ii)(A), (B), or (C).

V. <u>CONCLUSION</u>

The Debtor's exemption claims in his Schedule C exceed the maximum amounts allowable under RCW 6.15.010 and 42 U.S.C. § 407. His exemptions should be allowed only to the maximum amount allowable and otherwise disallowed.

VI. <u>RELIEF REQUESTED</u>

After notice and the opportunity for a hearing, the court should enter an order sustaining the Trustee's objections as set forth above to the extent the Debtor's claimed exemptions exceed the maximum amounts allowable under RCW 6.15.010 and 42 U.S.C. § 407.

DATED this 16th day of November, 2021.

GROSHONG LAW PLLC

*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124

Attorneys for Edmund J. Wood
Chapter 7 Trustee

OBJECTION TO EXEMPTIONS - 5

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 21-11757-CMA    Doc 23    Filed 11/16/21    Ent. 11/16/21 08:51:26    Pg. 5 of 5